UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS, )
)
        Plaintiff, )
)
v. )   Civil Action No. 06-1531 (RJL)
)
UNITED STATES, )
)
        Defendant. )

### MEMORANDUM OPINION

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). A prisoner's complaint should be dismissed if he does not qualify for *in forma pauperis* status under the PLRA and fails to pay the entire filing fee within a reasonable period of time. *See Magee v. Clinton*, No. 04-5247, 2005 WL 613248, at *1 (D.C. Cir. Mar. 14, 2005) (per curiam) (revoking *in forma pauperis* status under § 1915(g) and *sua sponte* ordering payment of filing fee in full); *Smiley v. Parker*, No. 04-6357, 2004 WL 1147124, at *1 (4th Cir. May 19, 2004) (per curiam) (revoking *in forma pauperis* status "because it is clear that the district court has dismissed at least three prior actions for

---

[1] There is an exception, not applicable in this case, for a prisoner who shows that he is "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1)"). A prisoner's "privilege to proceed [*in forma pauperis*] should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege." *Davis v. Thomas County Sheriff's Dep't*, No. 6:06-cv-30, 2006 WL 2567883, at *2 (M.D. Ga. Sept. 5, 2006).

This matter is before the Court on defendant's Motion to Stay Proceedings Pending Plaintiff's Payment of Full Filing Fees Under the PLRA, or in the Alternative, to Transfer ("Def.'s Mot."). According to defendant, court records reflect that plaintiff has accumulated more than "three strikes" for purposes of the PLRA, *see id.*, Ex. B-I, and therefore he is not eligible to proceed *in forma papueris*. *See id.* at 4-6. Defendant moves to stay the proceedings until such time as plaintiff pays the filing fee in full; if he fails to make payment timely, defendant urges the Court to dismiss this action. *Id.* at 5-6.

Plaintiff's only discernable response to this argument appears in his "Motion to Amend Federal Tort Claim." He asserts that:

> defendants did not disclose to the claimant or his debtor about the PRISONER [sic] LITIGATION REFORM ACT, which is a contract instrument . . . [and] is proof that the PRISONER [sic] LITIGATION REFORM ACT three strike aspect is inappropriate to prevail that the claimant debtor tort claim should be dismissed.

*Id.* at 5 (capitals in original). Given plaintiff's many civil filings in this district and in other federal courts, *see* Def.'s Mot., Ex. A, it is doubtful that he had no notice of the PLRA's provisions. Plaintiff does not dispute defendant's argument that he has accumulated at least eight strikes, such that by application of § 1915(g) he no longer is

eligible to proceed *in forma pauperis*. The Court treats defendant's argument as conceded. *See* LCvR 7(b); *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (court may treat as conceded those arguments raised in a dispositive motion that the plaintiff failed to address in his opposition).

The Court will deny defendant's motion to stay, revoke plaintiff's *in forma pauperis* status, and order plaintiff to pay the filing fee in full within 30 days. If plaintiff fails to make his payment timely, the Court will dismiss this action without prejudice. This approach is consistent with that taken recently in another of plaintiff's cases. *See Watts v. Fed. Bureau of Prisons*, Civ. No. 06-1955 (RJL) (D.D.C. July 2, 2007) (order dismissing case for plaintiff's failure to pay filing fee after revocation of *in forma pauperis* status under § 1915(g)).

An Order consistent with this Memorandum Opinion will be issued separately.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

Date: 9/14/07

3